IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**HEAVEN NUNLEY**                                                        **PLAINTIFF**

**V.**                          **CIVIL ACTION NO.:** 3:17-CV-949-TSL-RHW

**KENNEDY BEHAVORIAL HEALTH CENTER, LLC**        **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Heaven Nunley, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under the Fair Labor Standards Act (FLSA), as amended, and Breach of Contract against Defendant, Kennedy Behavioral Health Center, LLC. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**PARTIES**

1. Plaintiff, Heaven Nunley, is an adult female resident of Hinds County, Mississippi.

2. Defendant, Kennedy Behavioral Health Center, LLC, is a Mississippi corporation and may be served with process through its Registered Agent: Jerry L. Kennedy, 3649 Doloroso Loops Road, Woodville, MS 39669.

**JURISDICTION AND VENUE**

3. This Court has federal question jurisdiction and venue is proper in this Court.

**STATEMENT OF THE FACTS**

4. Plaintiff began working for Defendant, Kennedy Behavioral Health Center, LLC, on September 22, 2017, as a Licensed Master Social Worker. Plaintiff had an agreed upon work schedule, beginning the work day at 7:30 A.M. and ending the work day at 4:00 P.M.

5. Plaintiff's job responsibility was to conduct two hours of daily group therapy for clients.

6. Defendant ordered Plaintiff to fill out paperwork that included fraudulent claims in order to receive Medicaid benefits.

7. On October 4, 2017, twelve patients were admitted to the Kennedy Behavioral Health Center between the hours of 9:30 A.M. and 1:30 P.M.

8. Plaintiff was ordered by her Office Manager to document that the newly admitted clients met for group sessions from 2:00 P.M. to 6:00 P.M. on October 4, 2017.

9. The patients admitted on October 4, 2017 did not attend any group therapy sessions after admission that day.

10. When Plaintiff expressed concern to Office Manager about filling out fraudulent documents to submit to Medicaid, Plaintiff was told that the meeting times for groups did not matter when documenting session times. Medicaid will only pay for clients who have completed the admission process.

11. Plaintiff did not complete group therapy sessions, as the clients were not present for the time that her Office Manager wanted her to record the occurrence of a group therapy session.

12. Plaintiff also expressed her concerns with the Executive Director, Jerry Kennedy, who told Plaintiff that group times were not set and could be recorded at any

time that Plaintiff is on the clock. Jerry Kennedy called Plaintiff and stated that she should think about whether or not this job was for her and that she should make her decision by 8:00 A.M. the following morning after Plaintiff told him she would not falsely document group sessions.

13. Because Defendant was requiring that Plaintiff falsify records to be submitted to Medicaid, Plaintiff was forced to submit her letter of resignation on October 5, 2017.

14. On October 6, 2017, Defendant refused entry to Plaintiff and would not give Plaintiff her check.

15. Plaintiff filed with the Department of Labor: Wage and Hour Division and had a detective from the department escort her to Defendant's premises to pick up her check.

16. Plaintiff was told by Defendant in order to receive her check she must complete paperwork that included filling out short-term and long-term goals for patients who were not present. Plaintiff refused to fill out the treatment plans because the patients were not present.

17. Upon receiving her check, Plaintiff immediately noticed her time sheet had been altered, and she had not been paid for the total amount of hours worked.

## CAUSES OF ACTION

### COUNT ONE: WRONGFUL TERMINATION

18. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 17 above as if fully incorporated herein.

19. Defendant retaliated against Plaintiff because Plaintiff refused to document false information for Defendant's gain.

20. Plaintiff has suffered an adverse employment action, forced resignation, as a result of her noncompliance to falsify documents and commit fraud for Defendant.

21. Plaintiff has been harmed as a result of the Defendant's discrimination, and the Defendant is liable to the Plaintiff for the same.

## COUNT TWO: VIOLATION OF FLSA

## FAILURE TO PAY MINIMUM WAGE

22. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 21 above as if fully incorporated herein.

23. Defendant did not pay Plaintiff minimum wage for the hours she worked that were not included in her paycheck.

24. The acts of the Defendant constitute a willful and intentional violation of the Fair Labor Standards Act.

## COUNT THREE: BREACH OF CONTRACT

25. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 24 above as if fully incorporated herein.

26. Defendant, acting by and through its agents and employees, did knowingly, willfully, and intentionally breach Plaintiff's employment contract in that Defendant refused to acknowledge Plaintiff's agreed upon work schedule and refused to pay Plaintiff for the total amount of hours worked in agreed upon schedule.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages;
2. Minimum wage;
3. Compensatory damages;
4. Punitive damages;
5. Liquidated damages;
6. Reinstatement or future wages in lieu of reinstatement;
7. Attorney's fees;
8. Costs and expenses; and
9. Any other relief to which she may be properly entitled.

THIS the __30__ day of November 2017.

Respectfully submitted,

HEAVEN NUNLEY, PLAINTIFF

By: _____
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Email: louis@watsonnorris.com
       nick@watsonnorris.com